**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOSE DUPREE, JR,<br><br>Plaintiff,<br><br>v.<br><br>REGINA BRADSHAW, et al.,<br><br>Defendants. | No. 2:20-CV-0376-WBS-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof f it: (1) is frivolous or malicious; (2) fails to sate a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in California State Prison, Sacramento, and the alleged events occurred in the Kings County Superior Court of California.  Plaintiff appears to be alleging prosecutorial misconduct, ineffective assistance of counsel, and denial of access to the court.  Plaintiff brings these claims against Regina Bradshaw, Vidal Gomez, and Valerie R. Chrissakis.

Plaintiff states that on January 1, 2020 at 9:00 a.m. he was at the California Superior Court in Kings County, where he discussed the terms of a plea agreement with Regina Bradshaw, who Plaintiff identifies as an attorney for the Kings County District Attorney's office.  See ECF No. 1, pg. 2-3.  Plaintiff was offered a plea agreement, in which some charges would be dropped, and Plaintiff would not have to go to trial and potentially face a sentence of 54 years to life in prison.  See id. at 3.  Plaintiff was being charged with assault with a deadly weapon by a life prisoner, a violation of California Penal Code § 4500.  See id. at 3, 8, 11.  Plaintiff was also charged with battery on a non-confined person by prisoner, a violation of California Penal Code § 4501.5, and two special allegations of prior convictions of serious or violent felony, a violation of California Penal Code § 667 subdivision (b)(i).  See id. at 8, 11-12.  Plaintiff contends that there was no report of a deadly weapon from any of the officers in Corcoran State Prison, and that Plaintiff was not told this until after he had agreed to the plea agreement.  See id. at 3.  Plaintiff states that after he accepted the plea agreement for five years in prison Ms. Bradshaw moved to dismiss the charges for assault with a deadly weapon.  See id.

/ / /

/ / /

1       Plaintiff was proceeding pro per at the time he accepted the plea agreement, and
2 had stand-by counsel, Mr. Gomez-Vidal, an attorney for the Public Defender in Fresno, available.
3 See ECF No. 1, pg. 4 and 7.  Mr. Gomez-Vidal had previously represented Plaintiff for over a
4 year before Plaintiff went pro per.  See id. at 4.  Plaintiff contends that Mr. Gomez-Vidal did not
5 file any motions, including motions for discovery, in relation to his case.  See id.  Plaintiff
6 requested that private investigators be hired in his case, and Mr. Gomez-Vidal ignored those
7 requests.  See id.  Plaintiff contends that, because Mr. Gomez-Vidal was working for the Public
8 Defender in Fresno, he was working with or for conspirators that wanted Plaintiff to be
9 wrongfully convicted.  See id.  Plaintiff states that he could not trust Mr. Gomez-Vidal.  See id.
10       Plaintiff further contends that the judge presiding over his case, Judge Valerie R.
11 Chrissakis, was prejudiced, and that she was involved in a conspiracy against him.  See ECF No.
12 1, pg. 5.  Plaintiff states that Judge Chrissakis assigned him Mr. Gomez-Vidal as an advisory
13 counsel after Plaintiff became propria persona.  See id.  This occurred after Plaintiff had made
14 clear to Judge Chrissakis that he and Mr. Gomez-Vidal could not work together.  See id.  Plaintiff
15 also noticed that Judge Chrissakis and Ms. Bradshaw would communicate with one another in a
16 covert sign language.  See id.  Plaintiff contends that Lisa Gamoan, a judge in Fresno, was an
17 integral part of the conspiracy against him, and that Judge Chrissakis had been either coerced or
18 bribed into assisting in this conspiracy.  See id.
19
20                     **II. DISCUSSION**
21       Plaintiff's allegations do not give rise to a cognizable claim under § 1983 and
22 would more appropriately be made through a writ of habeas corpus.
23       When a state prisoner challenges the legality of his custody and the relief he seeks
24 is a determination that he is entitled to an earlier or immediate release, such a challenge is not
25 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
26 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
27 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
28 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

1  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
2  underlying conviction or sentence such a claim is not cognizable under § 1983 unless the
3  conviction or sentence has first been invalidated on appeal, by habeas petition, or through some
4  similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that §
5  1983 claim not cognizable because allegations were akin to malicious prosecution action which
6  includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor);
7  Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not
8  cognizable because allegations of procedural defects were an attempt to challenge substantive
9  result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable
10 because challenge was to conditions for parole eligibility and not to any particular parole
11 determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action
12 seeking changes in procedures for determining when an inmate is eligible for parole consideration
13 not barred because changed procedures would hasten future parole consideration and not affect
14 any earlier parole determination under the prior procedures).

15         Plaintiff's claims directly challenge the legality of his custody.  Plaintiff is alleging
16 that the charges that resulted in the plea agreement were unfounded, that before he went pro per
17 he received ineffective assistance of counsel, and that the judge in his case denied him
18 meaningful access to the court.  The relief being requested by Plaintiff is for his conviction to be
19 overturned, and for his plea to be withdrawn.  See ECF No. 1, pg. 13.  This relief is improper, as
20 Plaintiff's sole avenue for such relief is through a writ of habeas corpus.  See Preiser, 411 U.S. at
21 500.  Even if Plaintiff were not directly seeking his criminal conviction be overturned and was
22 only seeking the monetary damages that he requests, that relief would still be improper, as that
23 relief would necessarily imply that his continued confinement was improper.  See Heck, 512 U.S.
24 at 486-87.  As such, the Court finds that Plaintiff has failed to state a cognizable claim under
25 § 1983.
26 / / /
27 / / /
28 / / /

4

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE